UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **LONGITUDE 150 LLC ET AL.** | **CASE NO. 3:22-CV-02181** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DAVID MCGEE ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand and award attorney's fees and costs associated with removal [doc. #7], filed by Plaintiffs Longitude 150, LLC; William Pittman; and Barbara Pittman. The motion is opposed. [doc. #11].

For reasons that follow, it is recommended that Plaintiffs' motion be GRANTED.

### Background

On June 24, 2022, Plaintiffs Longitude 150, LLC; William Pittman; and Barbara Pittman (collectively, "Plaintiffs") filed the instant suit in the Fourth Judicial District Court, Ouachita Parish, State of Louisiana seeking recission of the sale of an airplane from Defendants David McGee and William Bobo (collectively, "Defendants").

According to the state court petition, Defendants sold Longitude 150 a 1986 U206G Cessna Aircraft ("the Aircraft') on July 26, 2021. [doc. #1-1, p. 6]. The sale agreement provided that at the time of sale, Defendants warrant that the Aircraft is in airworthy condition; has a current annual inspection; has a currently effective Standard Category airworthiness certificate issued by the Federal Aviation Commission ("FAA"); has accurate and current logbooks; and that all applicable Airworthiness Directives have been complied with. *Id.* Longitude 150 paid Defendants $245,000 for the Aircraft. *Id.*

On August 12, 2021, William and Barbara Pittman (the "Pittmans") flew the Aircraft from Monroe to Denver. *Id.* at 7. During the flight, they allegedly noticed that the Aircraft's speed was slower than expected and that nose high trim was required to maintain level flight. *Id.* After landing in Denver, the Pittmans hired a Cessna representative to inspect the Aircraft. *Id.* Cessna's representative determined that the Aircraft was not airworthy and required major repairs. *Id.*

Plaintiffs allege that, at the time Defendants sold Longitude 150 the Aircraft, it was not in airworthy condition. *Id.* In their petition, Plaintiffs allege state-law claims, including redhibition, breach of contract, fraud, strict liability, unjust enrichment, negligence, and misrepresentation. *Id.* at 7-12.

As to relief, Longitude 150 seeks actual damages, consequential damages, recession of the sale and return of the purchase price, expenses incurred during the sale, expenses incurred in the preservation of the Aircraft, loss of use of the Aircraft, repair of the Aircraft, storage expense of the Aircraft, statutory damages, interest, attorney's fees, and costs. *Id.* at 13.

The Pittmans seek actual damages, consequential damages, expenses incurred during the sale, expenses incurred in the preservation of the Aircraft, loss of use of the Aircraft, repair of the Aircraft, storage expense of the Aircraft, mental and physical pain and suffering damages, emotional distress damages, inconvenience damages, interest attorney's fees, and costs. *Id.*

On July 20, 2022, Defendants removed this case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 1. Plaintiffs are citizens of Alaska, and Defendants are citizens of Louisiana. *Id.* at 2. The amount in controversy exceeds $75,000. *Id.*

On July 28, 2022, Plaintiffs filed their motion to remand. [doc. #21]. Therein, Plaintiffs argue that removal was improper because a defendant sued in his home state court is not permitted to remove the matter to federal court. *Id.* at 2. Plaintiffs argue that, because they sued Defendants

2

in their home state of Louisiana, 42 U.S.C. § 1441(b)(2) prohibits removal. *Id.* Plaintiffs also request attorney's fees and costs because removal was unreasonable and in complete disregard of § 1441(b)(2).

On August 26, 2022, Defendants filed their opposition. [doc. #21]. Therein, Defendants argue for the first time that removal was proper based on federal-question jurisdiction. *Id.* at 2. Defendants argue that Plaintiffs' claims largely relate to the airworthiness of the Aircraft, implicating FAA regulations and giving rise to federal-question jurisdiction. *Id.* Defendants also argue that because the forum-defendant rule is procedural and not jurisdictional, Plaintiffs are not entitled to attorney's fees. *Id.* at 3. Defendants further argue that there was an objectively reasonable basis for removal based on federal-question jurisdiction and diversity jurisdiction. *Id.*

In reply, Plaintiffs argue that Defendants' federal-question jurisdiction argument is without merit. [doc. #22, p. 1]. Plaintiffs argue that the disputed sale was a state sales agreement and contains no reference to federal law. *Id.* at 2. Plaintiffs also argue that Defendants' notice of removal does not mention, cite, or refer to any federal question to support removal. *Id.*

Accordingly, this matter is ripe.

## **Analysis**

Federal courts are courts of limited jurisdiction. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Subject matter jurisdiction must exist at the time of removal, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Removing defendants have the burden of establishing the Court's subject matter jurisdiction. *Id.* at 1253-54.

Defendants invoked diversity jurisdiction when this case was removed, which requires complete diversity of citizenship between plaintiff and defendants and requires the amount in

3

controversy to exceed $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a); *Flagg v. Stryker Corp.*, 819 F.3d 132, 135-36 (5th Cir. 2016). The parties do not dispute diversity of citizenship; Plaintiffs are citizens of Alaska, and Defendants are citizens of Louisiana. And although Plaintiffs do not specify the amount of their damages, it is facially apparent that the claims exceed the jurisdictional amount.[1] *See White v. FCI USA,* 319 F.3d 672, 675 (5th Cir. 2003).

Plaintiffs argue, however, that Defendants improperly removed the case to federal court in violation of § 1441(b)(2). Commonly known as the "forum-defendant rule," § 1441(b)(2) provides that removal based on diversity jurisdiction is permitted only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (quoting § 1441(b)(2)). Thus, the forum-defendant rule "prevents defendants from removing diversity cases to federal court if one of the defendants resides in the forum state." *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 820 (5th Cir. 2021) (Ho, J., concurring). Importantly, the forum-defendant rule is procedural, not jurisdictional—therefore, "a failure to comply with the rule is a defect in removal procedure that is waived unless an objection is timely filed." *MidSouth Bank v. Quality Cos. USA, LLC*, No. 6:19-cv-00091, 2019 WL 2413432, at *1 (W.D. La. Feb. 8, 2019) (citing *In re 1994 Exxon Chem. Fire*, 558 F.3d at 391).

In this case, it is undisputed that Plaintiffs sued in Louisiana state court and that Defendants are citizens of Louisiana. It is also undisputed that Defendants were all properly joined and served before the suit was removed and that the procedural removal defect was raised in a timely remand motion. Thus, the forum-defendant rule is plainly applicable here.

---

[1] Plaintiffs seek, among other relief, recission of the sale of the Aircraft that they purchased from Defendants for $245,000. [doc. #1-1, p. 13].

Indeed, Defendants do not contest application of the forum-defendant rule—their only argument against remand is that the Court has subject-matter jurisdiction because the suit raises a federal question. Notably, Defendants did not assert federal-question jurisdiction in their notice of removal. It was not until after Plaintiffs filed their motion to remand that Defendants raised federal-question jurisdiction in their opposition, arguing that it provided a reasonable basis for removal and, as such, Plaintiffs should not be awarded attorney's fees and costs. Nevertheless, the Court will consider whether there is federal-question jurisdiction.

Article III of the Constitution gives the federal courts power to hear cases "arising under" federal statutes. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807-08 (1986). Although the constitutional meaning of "arising under" may extend to all cases in which a federal question is "an ingredient" of the action, the Supreme Court has "long construed the statutory grant of federal-question jurisdiction as conferring a more limited power." *Id.* "[A] case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law.'" *Id.* at 809 (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983)).

However, where the "law that creates the cause of action" is state law, original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is "really" one of federal law. *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 13 (holding that the central issue presented turned on the meaning of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (1982 ed. and Supp. III), but that federal jurisdiction nevertheless was lacking); *see also Gully v. First National Bank*, 299 U.S. 109, 112 (1936) ("[A] right or

5

immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").

Further, "[t]he fact that a substantial federal question is necessary to the resolution of a state-law claim is not sufficient to permit federal jurisdiction." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). *See also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) ("[T]he presence of a disputed federal issue . . . [is] never necessarily dispositive."); *Merrell Dow Pharms. Inc.*, 478 U.S. at 813 ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.")

The Supreme Court has noted that "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. Accordingly, federal-question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities. *Singh*, 538 F.3d at 338.

The removing party "bears the burden of demonstrating that a federal question exists." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). "Any ambiguities are constructed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Here, Plaintiffs allege only state-law claims. Plaintiffs argue that their state-law claims do not require the resolution of a substantial question of federal law because FAA regulations do not preempt state law relating to sales of aircraft. [doc. #22, p. 7]. Plaintiffs further argue that the

6

sale is controlled by Louisiana contract law and that any citation to FAA regulations is only further evidence of their right to recovery under state law—not of any federal cause of action. *Id.* at p. 5.

The undersigned agrees. While Defendants argue that Plaintiffs' claims "largely relate to the airworthiness of the Aircraft, implicating the regulations of the Federal Aviation Administration" [doc. #21, p. 2], the implication of a federal regulation is not sufficient to establish federal-question jurisdiction. *See Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 155 (5th Cir. 1980) ("[A] claim does not arise under the law of the United States . . . if the relief sought is based entirely upon a state cause of action in which [federal regulations] are used merely as evidence of the right to recover under state law"). Indeed, courts applying the *Grable* factors consistently hold that in cases where plaintiffs allege violations of FAA regulations as evidence of their right to recovery under state law, there is no federal-question jurisdiction. *See Broussard v. LCS Correction Servs., Inc.*, No. 6:10-cv-0155, 2010 WL 2710642, at *4-5 (W.D. La. July 6, 2010) (citing *Bennett v. Southwest Airlines Co.,* 484 F.3d 907, 912 (7th Cir. 2007) ("That some standards of care used in tort litigation come from federal law does not make the tort claim one arising under federal law."); *Saratino v. Am. Airlines Inc.*, No. 4:05MD1702, 2005 WL 2406024, at *8 (E.D. Mo. Sept. 29, 2005) (FAA regulations do not create a private right of action and permitting state negligence claims alleging violations of FAA regulations to be litigated in federal court would upset balance of federal and state judicial responsibilities); *McCarty v. Precision Airmotive Corp.*, No. 8:06-cv-1391-T-26TBM, 2006 WL 2644921, at *2 (M.D. Fla. Sept. 14, 2006) (wrongful death

and survival action brought in state court following an airplane crash was "a garden variety state-law tort case which does not raise a significant or substantial federal [question]))."[2]

In this case, analysis of the *Grable* factors calls for the same result—remand. First, while FAA regulations on "airworthiness" may be an issue in the case, its resolution will not necessarily be dispositive. Plaintiffs argue that the Aircraft was not airworthy as evidence of their right to recovery under state law. Even if Plaintiffs cannot demonstrate that the Aircraft was not airworthy pursuant to FAA regulations, they may still prevail on their claims. Therefore, resolving the "airworthiness" issue is not necessary to resolution of the state-law claims and the first *Grable* factor is not satisfied.

Second, while the parties dispute whether the Aircraft was "airworthy," they do not appear to dispute the meaning of "airworthy" under FAA regulations. Thus, "the nature of the disputed federal issue not a legal issue like the one presented in *Grable*, but a fact-intensive one . . . ." *Broussard*, 2010 WL 2710642, at *6. Further, "simply asserting that the subject matter of the suit implicates a federal regulatory scheme is insufficient to establish a relevant dispute of federal law." *Davis v. PMG OPCO-Guest House LLC*, No. 5:22-cv-01447, 2022 WL 4352498, at *4 (W.D. La. Aug. 31, 2022) (quoting *Dinvaut v. Cambridge Energy Corp.*, No. 17-5630, 2017 WL 3484759, at *3 (E.D. La. Aug. 15, 2017)). Therefore, the federal issue is not actually disputed, and the second *Grable* factor is not satisfied.

---

[2] The only case that Defendants cite to support federal-question jurisdiction is inapposite. *See Ireland v. Dodson*, No. 07-408-JAR, 2007 WL 3232566, at *1 (D. Kan. Nov. 1, 2007). The Court in *Ireland* does not analyze federal-question jurisdiction; it only notes that the issue was not litigated. *Id.* at *2. *Ireland* involved the international sale of an aircraft such that defendants asserted federal-question jurisdiction based in part on the United Nations Convention on International Interests in Mobile Equipment Act of 2005, as well as airworthiness under FAA regulations. *Id.* This case, however, involves a domestic transaction conducted subject to the laws of the state of Louisiana.

Third, the federal issue is not substantial. "It is not enough that the federal issue be significant to the particular parties in the immediate suit . . . [t]he substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Id.* (quoting *Bd. of Commissioners of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 723-24 (5th Cir. 2017)). As previously discussed, the issue of airworthiness is fact-intensive—not a pure issue of law with application to other federal cases. *See Grable*, 545 U.S. at 318. Further, there are no federal causes of action for recission or redhibition and FAA regulations do not preempt state law relating to sales of aircraft. *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 338 (5th Cir. 1995). Therefore, the third *Grable* factor is not satisfied.

The final factor is whether federal jurisdiction would disturb the balance of state and federal judicial responsibilities. *Grable*, 545 U.S. at 315. It would in this case. This suit is related to a sales transaction controlled by Louisiana contract law. It includes claims that are relatively common state tort actions. The state court can determine whether Defendants violated FAA regulations and whether any violations prove that Defendants are liable in tort. *See Broussard*, 2010 WL 2710642, at *6. Therefore, the final *Grable* factor is not satisfied. 22-21

The undersigned, having found that none of the *Grable* factors are satisfied, concludes that Defendants fail to meet their burden of demonstrating that a federal question exists. Accordingly, this Court does not have subject matter jurisdiction, and the case should be remanded.

As to Plaintiffs' request for attorney's fees and costs, "there is no automatic entitlement to an award of attorney's fees" for improper removal. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). The decision to award attorney's fees and costs is within the court's discretion, considering objectively the merits of the defendant's basis for removal. *Id.* Here, the undersigned finds that there was not an objectively reasonable basis for removal. The forum-defendant rule

9

was clearly applicable and is contained in the plain language of the removal statute. Instead of conceding their error, Defendants responded by raising a weak argument on the basis of federal-question jurisdiction. The fact that Defendants failed to include federal-question jurisdiction in their notice of removal only strengthens Plaintiffs' contention that there was no legitimate basis for federal-question jurisdiction other than as an attempt to avoid an award of attorney's fees and costs. Accordingly, it is recommended that attorney's fees and costs be awarded to Plaintiffs in the amount of $1,000.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiffs' motion to remand [doc. #7] be **GRANTED**, and that this matter be **REMANDED** to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. The pending motion to dismiss will be carried with the case.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' motion for attorney's fees and costs [doc. #9] be **GRANTED** in the amount of $1,000.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL**

**BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 27th day of October, 2022.

_____
KAYLA KYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE